Araneo-White Construction Company, a corporation,
complainant,

*v.*

Joint Municipal Sewer Commission, defendant.

[Decided February 27th, 1931.]

*Mr. Mario Turtur,* for the complainant.

*Mr. Edward G. Pringle,* for the defendant.

Berry, V. C.

The complainant is a contractor and seeks a mandatory injunction against defendant, directing it to furnish complainant with plans and specifications for a supplementary joint trunk sewer and sewage disposal plant about to be constructed by the defendant; to compel the defendant to permit the complainant to submit a bid for such construction, and to restrain the defendant in the meantime from accepting any bid and awarding any contract for the work to any other bidder.

There is nothing in the bill of complaint describing the defendant other than by name, or indicating the legislative or other authority under which the defendant exists. From the answering affidavits, however, it appears that the joint municipal sewer commission is composed of representatives of the city of East Orange, the township of Hillside in the county of Union, the town of Irvington, the township of Maplewood in the county of Essex, the township of Millburn

in the county of Essex, the city of Newark, the borough of Roselle Park, the village of South Orange, the city of Summit, the township of Union in the county of Union, and the town of West Orange, all municipal corporations of this state, and was organized and is acting pursuant to a contract entered into by said municipalities on June 1st, 1926, under the authority of *P. L. 1899 ch. 36*. The defendant is about to award a contract for an important public work, estimated by the engineer in charge to cost approximately $600,000. Sixteen separate contractors obtained plans and specifications for the work with a view to submitting bids therefor. Eight of these contractors submitted bids which were opened by the defendant commission on February 5th, 1931. Their consideration and the award of the proposed contract is scheduled for February 19th, 1931. The lowest of these bids is $444,614.50 and the highest $663,212. The defendant advertised for bids in January and the complainant applied to the engineer in charge for a set of plans and specifications for the proposed work. Previously the defendant municipalities interested in that work decided, at a joint meeting, to take advantage of the provisions of *P. L. 1926 ch. 180 p. 301,* authorizing municipalities, except counties, to require prospective bidders to submit questionnaires as to financial ability and experience, and, acting through its engineer, the defendant required such questionnaire from the complainant. The information contained therein prompted the defendant to refuse to deliver plans and specifications to complainant and to refuse to permit complainant to submit any bid for the proposed work, for the reason, as stated in the complainant's bill, "that the job was too complicated and too big for the complainant to handle."

Complainant alleges that such refusal constituted an arbitrary exercise of the power conferred upon the defendant by *P. L. 1926 ch. 180* is violative of the laws requiring competitive bidding, and invades the complainant's constitutional right of earning a livelihood. In support of the complainant's first contention counsel cites, among other cases, that of *Ianniello* v. *Harrison, 4 N. J. Mis. R. 111,* in which

it was held, following *Faist* v. *Hoboken, 72 N. J. Law 361,* and *Kelly* v. *Freeholders, 90 N. J. Law 411,* that after bids were received the governing body of a municipality could not arbitrarily refuse to award a contract to the low bidder on the ground of his unsatisfactory financial responsibility without giving him a hearing. That case was decided on February 3d, 1926. *P. L. 1926 ch. 180* was approved March 26th, 1926, and was apparently designed to give municipalities, except counties, the right to determine the financial or other responsibility of a prospective bidder in advance of the receipt of bids. It vested in such municipalities discretionary powers with the exercise of which this court will not interfere except in case of fraud. Relief from the abuse of such discretion may be obtained by any person aggrieved in the appropriate tribunal, which is the supreme court. The authorities to this effect are legion. It is necessary to cite but one—*Berdan* v. *Passaic Valley Sewerage Commission, 82 N. J. Eq. 235.* Neither fraud nor facts indicating fraud are alleged in the bill of complaint. The act of 1926 referred to preserves to any aggrieved person the right to review the action of any municipality refusing to furnish plans and specifications for a public work to a prospective bidder. Such review, obviously, must be by *mandamus* or *certiorari.*

Neither the allegations of the bill of complaint nor the supporting affidavits disclose any action of the defendant which is violative of the law requiring competitive bidding on a basis of equality amongst bidders, and none of the authorities cited by complainant on this point have any application to this controversy. Nor is the case of *Jersey City Printing Co.* v. *Cassidy, 63 N. J. Eq. 759,* applicable. That case involved alleged undue interference with freedom of employment as between employer and employe. No such situation exists here.

It also appears that the bill is defective for want of parties. *Burden* v. *Passaic Valley Sewerage Commission, supra.*

The order to show cause will be discharged and, as the bill does not present an equitable cause of action, it will be dismissed on the court's own motion.